**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv79**


| | |
|---|---|
| UNITED COMMUNITY BANK, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
|       vs. ) | ORDER |
| ) | |
| LILLIE CAMPBELL, ROBERT A. WEISER, JR., ) | |
| SILVIA M. WEISER, and OLANREWAJE WUSU, ) | |
| ) | |
|    Respondents. ) | |
| ) | |
| _____ ) | |


**THIS MATTER** is before the Court on the Petitioner's Motion for Default

Judgment as to Respondents Lillie Campbell, Robert A. Weiser, Jr., Silvia M.

Weiser and Olanrewaju Wusu [Doc. 10].


**PROCEDURAL HISTORY**

On April 23, 2010, the Petitioner filed this application for confirmation of

arbitration awards pursuant to 9 U.S.C. §1, *et. seq.*[1] [Doc. 1].   In the

_____

[1]The application alleges diversity jurisdiction. [Doc. 1, at 5].  Vaden v. Discover
Bank, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009) (Federal Arbitration Act (FAA) bestows
no federal jurisdiction but requires an independent jurisdictional basis over the parties'

application, the Petitioner (Bank), a Georgia corporation, alleged that it made loans to each of the Respondents for the purchase of real estate and that each executed a promissory note in favor of the Bank. [Id., at 2]. None of the Respondents is a resident of North Carolina;[2] however, the loans evidenced by the promissory notes were funded from North Carolina and the real estate purchased by each Respondent with the proceeds of said loans is located in North Carolina. [Id.]. The promissory notes contained a mandatory arbitration clause requiring that all disputes among the parties be resolved by binding arbitration. [Id.]. When each of the Respondents defaulted on the payment of the loans, the Bank served arbitration notices requiring participation in the arbitration which was scheduled for July 21, 2009 as to Respondents Weiser and Wusu, and for November 6, 2009 as to Respondent Campbell. [Id., at Doc. 1-1; Doc. 1-2; Doc. 1-3]. Each of the Respondents failed to appear at the arbitration hearing or otherwise respond or defend the claims of the Bank asserted therein. [Id.]. As a result, the arbitrator entered separate default awards against each Respondent on August 3, 2009 and November 25, 2009. [Id.]. Copies of the arbitration awards are attached to the application as

---

dispute for access to a federal forum); Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62-63 (2nd Cir. 2009). The amount of each award exceeds $75,000 and the parties are diverse. [Doc. 1].

[2]None of the Respondents is a citizen or resident of Georgia. [Doc. 1, at 2].

exhibits. [Id.].  The awards are each for a sum certain. [Id.].

The Bank has filed in the record proof of service of the application to confirm the arbitration awards on each of the above-named Respondents. [Doc. 3; Doc. 5; Doc. 6; Doc. 7].  No response or answer was filed by any of the Respondents.  The Bank has also stated in the record that no Respondent against whom default is sought is a minor or incompetent.  Fed.R.Civ.P. 55(b)(2).

On September 2 and 8, 2010, default was entered as to each of the Respondents named in this motion.

**DISCUSSION**

The Federal Arbitration Act provides in pertinent part:

> If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected[.] If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.  Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. ...  If the adverse party shall be a nonresident, then the notice of the application shall be

served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. §9.

The United States District Court for the Western District of North Carolina, Asheville Division, is the federal court in and for the district within which the arbitration award was made. [Id.]. The application to confirm the awards was made within one year thereof. [Id.]. The Bank effected service on the Respondents by certified mail, return receipt, and by individual service in accordance with Federal Rule of Civil Procedure 4(e). Service was not effected through the use of a United States Marshal.

> Although there is scant case law interpreting the FAA's §9 service requirement, ... [s]ome courts have questioned the continued validity of §9's service requirement following later amendments to the Federal Rules of Civil Procedure.

>> Section [9] is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of the United States marshals as routine process servers ... The "ostensibly principal purpose" of the amendments [to the Federal Rules of Civil Procedure] was to "tak[e] the marshals out of summons service almost entirely."

> "In these circumstances, Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure." "The phrase 'in like manner as other process of the court' found in §9 of the

Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service... ."

Hancor, Inc. v. R&R Engineering Products, Inc., 381 F.Supp.2d 12, 15 (D. P.R. 2005), *quoting* Matter of the Arbitration Between InterCarbon Bermuda, Ltd. & Caltex Trading and Tranport Corporation, 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993) and Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1277 (2nd Cir. 1971); *accord*, Dobco, Inc. v. Mery Gates, Inc., 2006 WL 2056799 (D.N.J. 2006).

The Court finds that the Bank properly effected service pursuant to Rule 4(e). [3] The Court also finds that each of the named Respondents is in default and that default judgment in the amount of the arbitration award is appropriate.

The Bank seeks an award of pre-judgment interest at the state statutory rate of eight per cent from the date of the arbitration award to the date of entry of judgment. The Bank correctly notes that in a diversity case, entitlement to pre-judgment interest is determined pursuant to state law. See, *e.g.*, AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995,

---

[3]Rule 4(e)(1) provides that service may be accomplished pursuant to North Carolina law. North Carolina law allows service by certified mail, return receipt. N.C.G.S. §4(j). Rule 4(e) also provides that service may be accomplished by personal service. Fed.R.Civ.P. 4(e)(2). The certificates of service filed in this action show proper service.

1001 (11th Cir. 2007) (state law, not federal law, governs the availability and amount of prejudgment interest in diversity cases involving the FAA). The Bank also states that the promissory notes actually provide for an interest rate greater than eight per cent. The Bank, however, has not included copies of the notes in the record.

The arbitration awards contain three aspects: an award of principal owing under the promissory note; an award of interest and penalties owing under the promissory note; and an award of attorney's fees. The arbitration awards do not contain a provision for pre-judgment interest at the North Carolina statutory rate. See, CSX Transp., Inc. v. Transportation-Communications Intern. Union, 413 F.Supp.2d 553, 572 (D.Md. 2006), *affirmed* 480 F.3d 678 (4th Cir. 2007) (declining pre-judgment interest as unsupported and noting arbitration awards did not so provide). North Carolina courts also have held that where the arbitrator did not include pre-judgment interest in the arbitration award, it may not be modified by a court upon confirmation to include such an award. Blanton v. Isenhower, 196 N.C.App. 166, 674 S.E.2d 694 (2009) (arbitration award could not be modified to include prejudgment interest where not specifically stated in the award itself); Hamby v. Williams, 196 N.C.App. 733, 676 S.E.2d 478 (2009) (where

arbitrator deferred the issue of prejudgment interest to the court, interest could be awarded); <u>Faison & Gillespie v. Lorant</u>, 187 N.C.App. 567, 654 S.E.2d 47 (2007) (arbitrator did not exceed his authority in including pre-judgment interest in award which court would not modify).

For the reasons stated, the Court declines, in its discretion, to grant pre-judgment interest. Post-judgment interest, on the other hand, is mandated by 28 U.S.C. §1961 and will be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Default Judgment as to Respondents Lillie Campbell, Robert A. Weiser, Jr., Silvia M. Weiser and Olanrewaju Wusu is hereby **DENIED** as to the request for pre-judgment interest and is otherwise **GRANTED**. Default Judgment is entered simultaneously herewith.

Signed: March 1, 2011

Martin Reidinger
United States District Judge