# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:10-cv-00079-MR-DLH

| |
|---|
| **UNITED COMMUNITY BANK,** |
| **Petitioner,** |
| vs. |
| **LILLIE CAMPBELL, ROBERT A. WEISER JR., SILVIA M. WEISER, and OLANREWAJU WUSU,** |
| **Respondents.** |

## ORDER REQUIRING RECEIVER TO PAY OVER FUNDS TO JUDGMENT CREDITOR OF OLANREWAJE WUSU PURSUANT TO N.C. Gen. Stat. § 1-360

**THIS MATTER** is before the Court on the Verified Statement (the "Statement") of Joseph W. Grier, III, Receiver for Peerless Real Estate Services, Inc. et al. regarding the judgment debtor Olanrewaju Wusu ("Wusu") [Doc. 21], which was filed in response to the verified motion (the "Motions") of United Community Bank ("UCB") for orders pursuant to N.C. Gen. Stat. §1-360 compelling Joseph W. Grier, in his capacity as receiver (the "Receiver"), to appear and give testimony concerning the funds he has in his possession that may belong to Wusu.

Having considered the pleadings, the Motions and the Statement, the Court hereby **FINDS** as follows:

1. On March 1, 2011, the Court entered a default judgment (the "Judgment") against Wusu and in favor of UCB in the amount of $314,261.08 [Doc. 12].

2. As of the date of this order, Wusu has paid no amounts to UCB in full or partial satisfaction of the Judgment.

3. On or about June 6, 2007, the State of North Carolina, *ex rel.* through Roy Cooper, Attorney General, filed a lawsuit in the Superior Court, Wake County, North Carolina (the "Receivership Court"), against Peerless Real Estate Services, Inc., Village of Penland, LLC, MFSL Landholdings, LLC, Communities of Penland, LLC, COP Land Holdings, LLC, PG Capital Holdings, LLC and West Side Development, LLC (the "Receivership Entities"), Case No. 07-CVS-9006, pursuant to authority granted in Chapters 75 and 114 of the General Statutes of North Carolina and for the purpose, among others, of seeking restitution for consumers pursuant to G.S. § 75-1.1 (the "Receivership Case"). The allegations in the Receivership Case were generally that the Receivership Entities were created to develop a real estate project called "The Village of Penland" in Mitchell County, North Carolina, individual investors would "invest" in the development by obtaining loans from

banks secured with particular real estate lots, the individuals were told that after development, their lots would be sold, the bank loans paid off and a profit would be made by the investors. In actuality, the funds received from investors and their lenders were not all used for the real estate development, the lots were worth a fraction of the amount the investors and banks believed, and when the developers ran out of funds the investors were left with bank loans secured by virtually worthless property. Many banks, including United Community Bank ("UCB"), were not fully paid on loans secured by property in the Village of Penland and sought judgments against their borrowers, who were the "investors" in the Village of Penland scheme.

4. On June 6, 2007, this court appointed Joseph W. Grier, III as Receiver (the "Receiver") pursuant to the provisions of N.C.G.S. § 1-502(5), which provides for the appointment of a receiver "[i]n cases wherein restitution is sought for violations of G.S. 75-1.1," by *Order Appointing Receiver For Defendants Peerless Real Estate Services, Inc., Village of Penland, LLC, MFSL Landholdings, LLC, Communities of Penland, LLC, COP Land Holdings, LLC, PG Capital Holdings, LLC and West Side Development, LLC* (the "Receivership Order") to serve as receiver for the Receivership Entities and to preserve assets to be used for restitution to consumers who invested in the Village of Penland.

5. Assets of the Receiverships Entities have been liquidated, administrative expenses approved to date have been paid and at this time the Receiver is holding approximately $225,847.68 in funds for the benefit of the Receivership.

6. On August 28, 2013, the Receivership Court entered its *Order Allowing Reimbursement to Banks for Investigation Expenses, Denying Certain Consumer Claims, Approving Consumer Claim Verification Form and Approving Notice* setting forth a process for making claims in the Receivership among other terms. Thereafter, the Receiver conducted the claims process for the purpose of establishing allowable claims as to the Receivership Estate.

7. On October 6, 2014, the Receivership Court entered its *Order Approving Report of Claims, Allowed Claim Amounts and Distribution Method* which held that each claimant who made a timely claim would have a claim in the Receivership equal to that claimant's original loan amounts. The distribution method of funds in the Receivership Estate is such that the Receiver shall pay Allowed Claimants a pro-rata calculation based upon the Allowed Claim Amounts after payment of all administrative fees and expenses.

8. The Receiver received a timely claim from Wusu. Wusu's Allowed Claim Amount is $448,000.00 (the "Wusu Claim"). The distribution on the Wusu Claim will be the pro-rata share of net Receivership Estate funds, after payment of administrative fees and expenses of the Receivership. The total of all of the Allowed Claims is $14,035,000.00.

9. The Receiver is in the process of winding down the Receivership and cannot at this time project the specific amount of funds in his possession which will be available for distribution to Allowed Claimants including the amount to be paid on the Wusu Claim. Further, any distribution of the Receivership Estate is subject to the approval of the Receivership Court. It is expected that the distribution to Wusu will be well over ten dollars ($10).

10. The proposed distribution to Wusu is expected to be approximately $5,588.85, which amount is less than the outstanding amount of the Judgment, $314,26.08 plus any accrued interest.

**IT IS, THEREFORE, ORDERED** as follows:

1. That when the distribution amounts are finalized, the Receiver shall pay to UCB all amounts that would otherwise be distributed to Wusu to the extent that said distribution does not exceed the outstanding amount owed UCB pursuant to the Judgment; and

2. To the extent the distribution exceeds the amount owed to UCB pursuant to the Judgment, the Receiver shall pay the excess funds to Wusu.

**IT IS SO ORDERED.**

Signed: July 1, 2015

Martin Reidinger
United States District Judge